**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DARWIN HAYTER, ) <br> ) <br> Defendant. ) | 2:05-cr-00288-RCJ-PAL <br><br> **ORDER** |

Pursuant to a plea agreement, Defendant pled guilty in this Court to two counts of Transporting a Minor for Prostitution in violation of 18 U.S.C. § 2423(a). The Court sentenced him to two concurrent 125-month terms of imprisonment, to be followed by 25 years of supervised release. The Court of Appeals dismissed Defendant's appeal as waived. Defendant filed ex parte motions to modify his conditions of release, for a writ of mandamus, and for clarification. The Court denied the motions because they had been improperly filed ex parte. Soon thereafter, the Court revoked supervised release based on Defendant having failed to conform to restrictions at his halfway house, having had contact with minors, and having been unsuccessfully discharged from a sex offender treatment program for various violations. The Court sentenced Defendant to eight months of imprisonment, to be followed by 292 months of

1  supervised release.  After Defendant was released, the Court again revoked supervised release
2  based on Defendant having been unsuccessfully discharged from a sex offender treatment
3  program for various violations, having possessed an illegal substance, having associated with six
4  known felons, and having possessed and used an internet capable telephone.  The Court
5  sentenced Defendant to one year and one day of imprisonment, to be followed by 279 months of
6  supervised release.

7      Defendant now asks the Court to amend the judgment to add a recommendation to the
8  Bureau of Prisons that he be permitted to serve his sentence at its Englewood, Colorado facility.
9  Defendant makes the motion under Rule 35(a).  "Within 14 days after sentencing, the court may
10 correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim.
11 P. 35(a).  There is no error to correct under Rule 35(a).  The alleged error is not arithmetical or
12 technical in nature and must be treated as "other clear error" if any.  But there was no clear error.
13 If the Court had entered a judgment with a contrary recommendation or no recommendation after
14 having indicated at sentencing that it intended to make a recommendation for incarceration at the
15 Englewood, Colorado facility, such a discrepancy could be characterized under the rule as "clear
16 error."  But that is not the case here.  The recording of the revocation/sentencing hearing does
17 not indicate any request to recommend incarceration at the Englewood, Colorado facility.
18 Counsel admits that he neglected to make such a request.
19 ///
20 ///
21 ///
22 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Amend/Correct Sentence or Judgment Pursuant to Rule 35 (ECF No. 99) is DENIED.

IT IS SO ORDERED.

Dated this 24th day of August, 2016.

_____
ROBERT C. JONES
United States District Judge